50 CCPA

**MORTON FOODS, INC., Appellant,**

v.

**The FRITO COMPANY, Appellee.**

**Patent Appeal No. 6936.**

United States Court of Customs and Patent Appeals.

March 20, 1963.

Melvin R. Jenney, Boston, Mass., James P. Burns, Burns, Doane, Benedict,.

Swecker & Mathis, Washington, D. C., Kenway, Jenney & Hildreth, Boston, Mass., for appellant.

Gerrit P. Groen, Byron, Hume, Groen & Clement, Chicago, Ill., for appellee.

Before RICH, Acting Chief Judge, and MARTIN, SMITH and ALMOND, Judges.

SMITH, Judge.

Appellant's opposition to appellee's application for registration of its trademark "CHEE.TOS" [1] was dismissed by the Trademark Trial and Appeal Board on appellee's motion which raises the sole issue in this case: Does appellant's Notice of Opposition, as a matter of law, state a claim upon which the requested relief can be granted?

The specific allegation in the Notice of Opposition which is pertinent to this issue is:

"5. In view of the infringement action against opposer, based in part on the unregistered trademark 'CHEE-TOS', [sic] opposer believes it would be damaged by the registration of such mark by reason of the advantages that would accrue to applicant as plaintiff in the infringement suit by having a Federal trademark registration for 'CHEE-TOS', [sic] such advantages, among others, being set forth in the Trademark Act of July 6, 1946, Sections 33(a) and 39; 15 USC 1115(a) and 1121."

The pending infringement action referred to in the above-quoted allegation is Civil Action 9292, The Frito Company v. Morton Foods, Inc., U.S.D.C., W.D. Oklahoma, now pending on appeal to the Court of Appeals, 10th Circuit.

Thus, the issue here stated more precisely is: Whether the specified procedural advantages which accrue to the owner of a registered mark, constitute, as a matter of law, such "damage" to the defendant in an infringement action as to support an opposition brought under Sec. 13 of the Lanham Act (15 U.S.C. § 1063)? [2]

While we may agree with appellant that granting of a registration of the trademark in issue may give applicant some tactical advantage in the other litigation between the parties, we do not agree that this constitutes "damage" to appellant in the sense contemplated by Sec. 13 of the Lanham Act (15 U.S.C. § 1063).

The precise question to be determined in the pending civil litigation between the parties here appears to be whether opposer has the right to use "chip-O's in the manner it is now being used. Thus, opposer is in effect here arguing that its right to use its mark in commerce would be impaired by giving applicant an alleged tactical advantage in pending litigation which seeks to determine whether opposer has such a right to use. Merely because applicant in the pending infringement action seeks an adjudication as to the legal rights of the parties in

---

1. Application Ser. No. 107,432, filed Oct. 31, 1960 for a "cheese flavored corn product in puffed form". The mark is shown in the specimen filed with the application as:

2. In so stating the issue we have not overlooked the averment in the Notice of Opposition in which opposer has alleged that:
"8. The Frito Company, applicant here, has filed an opposition against Morton Foods, Inc., Opposition No. 40,-887, to oppose the registration to Mor-

ton Foods of the trademark 'chip-O's'. In said opposition The Frito Company has alleged ownership of a family of trademarks ending in OS and TOS, including among others the trademark 'CHEE-TOS'." [sic]
We do not think that this allegation states any cause of action of which cognizance can properly be taken in the present proceeding. Registration of its mark gives appellee no rights in any other mark. Appellee's filing of a trademark opposition involving appellant's application to register its mark does not constitute "damage" to opposer as will be seen from our opinion.

connection with the marks there involved, it cannot be said that such advantages as may be gained by applicant from the granting of a registration here will constitute "damage" to the opposer in the sense of Sec. 13 of the Lanham Act, supra.

The decision of the Trademark Trial and Appeal Board lists a number of its own prior decisions and prior decisions of the Commissioner of Patents [3] as support for its holding that such facts as are alleged here by opposer do not constitute a showing of damage within the meaning of Sec. 13 of the Lanham Act, supra. We have reviewed these decisions and agree with this result.

The decision of the Trademark Trial and Appeal Board is therefore affirmed.

Affirmed.

3. E.g., Brown & Bigelow v. The International Silver Company, 86 USPQ 460 (Commr., 1950) and Conde Nast Publications, Inc. v. Swann, 127 USPQ 85 (TT&A Bd., 1960).