The **AMERICAN ANGUS ASSOCIATION,**
Plaintiff,

v.

**SYSCO CORPORATION, Sysco Food Services, Inc., and Bell Sysco Food Services, Inc., Defendants.**

Civ. No. 1:92cv190.

United States District Court,
W.D. North Carolina,
Asheville Division.

Aug. 20, 1993.

Order on Reconsideration May 27, 1994.

D(1)" and "affirmative defense D(2)." **Plaintiff's Motion to Dismiss at 23 n. 8.**

the same count, filed May 17, 1993 (Sealed Pleading No. 73). After considering the Defendants' motion, Plaintiff's memorandum in opposition and cross-motion, and Defendants' reply, the Court will deny Defendants' motion and grant Plaintiff's motion.

## I. BACKGROUND

In the count at issue, Defendants seek cancellation of Plaintiff's registered certification mark based on various violations of 15 U.S.C. § 1064. Plaintiff defends the continued registration of its mark on several grounds, including equitable defenses such as laches and licensee estoppel[1], and on the merits. Because the Court finds that Defendants do not have standing to challenge Plaintiff's registration of the mark, the Court will not address any other grounds for summary judgment for either party. Additional facts will be set out as they become relevant to the discussion.

## II. ANALYSIS

### A. Summary Judgment Standard

On a motion for summary judgment, the moving party has the burden to show that there are no genuine issues for trial. Upon the moving party's meeting that burden, the nonmoving party has the burden of persuasion to establish that there is a genuine issue for trial.

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial.*" Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial."

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–7, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (citations omitted; emphasis in original) (quoting Fed.

David M. Carter, Carter & Schnedler, Asheville, NC, and Richard T. Rossier, Marc Miller, McLeod, Watkinson & Miller, Washington, DC, for plaintiff.

Steve Rosenblatt, Paula Morris, Rosenblatt & Associates, P.C., Houston, TX, and Joseph P. McGuire, Richard Wood, McGuire, Wood & Bissette, P.A., Asheville, NC, for defendants.

### *MEMORANDUM OF OPINION AND ORDER*

RICHARD L. VOORHEES, Chief Judge.

**THIS MATTER** is before the Court on Defendants' motion for summary judgment on Count II of their counterclaim, filed March 30, 1993 (Pleading No. 65), and Plaintiff's cross-motion for summary judgment on

---

1. The Court has addressed, in a separate order filed this day, Plaintiff's motion for partial summary judgment based on licensee estoppel. Because the Court will grant Plaintiff's motion for summary judgment on the grounds that Defendants lack standing to challenge Plaintiff's mark, the Court, in that separate order, has denied that motion as moot.

R.Civ.P. 56). There must be more than just a factual dispute; the fact in question must be material and readily identifiable by the substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). For purposes of Plaintiff's motion for summary judgment, the underlying facts have been viewed in a light most favorable to Defendants.

## B. Standing

■ "[A]ny person who believes that he is or will be damaged by the registration of a mark on the principle register" may petition to have that mark cancelled. 15 U.S.C. § 1064 (1988). This statement appears to authorize an extremely broad range of persons to bring such a petition. However, the interpretation of this language has narrowed the class of person for whom the law authorizes his or her "belief" in damage.

In *American Auto. Ass'n v. Nat'l Auto. Ass'n,* 127 U.S.P.Q. 423 (T.T.A.B.1960), the Trademark Trial and Appeals Board held that a competitor of an organization with a registered certification mark did not have standing to challenge the validity of the mark on the statutory grounds that Defendants claim here. *Id.* at 425. In that case, the Board held that:

> The type of "damage" alleged by applicant is merely that resulting from the competition that exists between applicant and [mark holder] or between any two concerns rendering similar services within the same territory; and such "damage" cannot serve as a ground for cancellation under this section of the statute.

*Id.* A leading commentator suggests that the class of persons who may challenge the validity of a registered certification mark is even narrower than non-competitors. 2 J. McCarthy, *Trademarks and Unfair Competition* § 20–15[7] ("Standing to cancel under [the statutory grounds alleged in this case] exists for persons who were refused certification after meeting the prescribed standards or conditions of the certifier").

**2.** The Court finds it suggestive that the *Selva & Sons* Court failed to mention *American Auto. Ass'n* in its analysis, and believes that such an omission indicates that there is a difference in

Plaintiff has shown that neither Defendant has been refused a license to use Plaintiff's mark. Exhibit F, Eichar Declaration, *attached to* Plaintiff's Memorandum in Opposition. In fact, Plaintiff has shown that neither Defendant has applied for a license to use Plaintiff's mark. *Id.* In addition, it is admitted that five of Defendant Sysco's wholly owned subsidiaries and an operating division of Defendant Sysco have applied for, and received, a license to sell "Certified Angus Beef." The Court finds that there is no genuine issue whether Defendants have been or may be damaged by Plaintiff's use of the mark. Thus, the Court will grant Plaintiff's motion for summary judgment on Count II of Defendants' counterclaim.

Defendants argue that they may meet the statutory requirement for standing by showing that they have a "real interest" in cancelling Plaintiff's mark. *Selva & Sons, Inc. v. Nina Footwear, Inc.,* 705 F.2d 1316, 1325 (Fed.Cir.1983). Under such a test, the only persons without standing to bring such a suit (assuming that any party which goes through the effort and expense of bringing a lawsuit has "an interest" in its outcome) are " 'meddlesome parties [acting as] self-appointed guardians of the purity of the Register.' " *Id.* at 1325–26 (quoting *Norac Co. v. Occidental Petroleum Corp.,* 197 U.S.P.Q. 306, 320 (T.T.A.B.1977)). Even if the *Selva & Sons* Court adopted a more lenient test for standing[2], this Court agrees with Professor McCarthy that the *American Auto. Ass'n* test is the proper one, and that mere competitors cannot establish standing to seek cancellation of the mark. The Court further notes that while an attack on the mark may give Defendants leverage in the underlying infringement action, that does not constitute "belief in damage" so as to give Defendants standing to challenge the mark. *Morton Foods, Inc. v. Frito Co.,* 314 F.2d 822, 823 (C.C.P.A.1963).

## III. ORDER

**IT IS, THEREFORE, ORDERED** that Defendants' motion for summary judgment is **DENIED.**

the requirements to establish standing to challenge a trademark and the requirements to establish standing to challenge, as here, a certification mark.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment is **GRANTED,** and Count II of Defendants' First Amended Answer and Counterclaims is hereby **DISMISSED WITH PREJUDICE.**

### ORDER

**THIS MATTER** is before the Court on the Defendants' "Motion for (1) Reconsideration, (2) Clarification, or (3) Certification for Appeal Regarding Opinion and Order Finding that Sysco Lacks Standing to Cancel Reg. No. 1,235,502 under 15 U.S.C. § 1064(5) (Docket No. 88)," filed September 3, 1993 ["Defendants' Motion for Reconsideration"]. Plaintiff has responded, and all parties have extensively briefed the issues. For the reasons stated below, the Court will deny the Defendants' motions.

### I.  BACKGROUND

On August 20, 1993, this Court entered its Memorandum of Opinion and Order denying the Defendants' motion for summary judgment on Count II of their counterclaim and granting the Plaintiff's cross-motion for summary judgment on the same count. Two weeks later, Defendants' filed this motion asking the Court to reconsider its ruling.[1]

In the previous ruling, the Court found that Defendants lack standing to seek cancellation of the Plaintiff's registered certification mark based on violations of 15 U.S.C. § 1064. The Court there addressed, and rejected, the Defendants' argument that the correct method to determine standing is to show merely a "real interest" in cancelling the Plaintiff's mark. In the present motion, Defendants rehash earlier arguments and now claim that even under the Court's ruling of the appropriate standard, they have established standing.

### II.  DISCUSSION

**A.  Defendants' cause of action for cancellation of Plaintiff's mark**

Section 1064 of Title 15, United States Code, provides that a certification mark may be cancelled only by a party with standing to do so. Standing is a prerequisite because of the great weight to be afforded marks which have attained incontestability status. *Shakespeare Co. v. Silstar Corp. of America, Inc.,* 9 F.3d 1091, 1097 (4th Cir.1993) (citing *Park 'N' Fly,* 469 U.S. 189, 105 S.Ct. 658, 83 L.Ed.2d 582 (1985)).

> The incontestability provisions ... provide a means for the registrant to quiet title in the ownership of his mark.... This function of the incontestability provisions would be utterly frustrated if the holder of an incontestable mark could not enjoin infringement by others so long as they established that the mark would not be registrable but for its incontestable status.

*Id* (quoting *Park 'N' Fly,* 469 U.S. at 198, 105 S.Ct. at 663–64). Thus, the power of a district court to cancel a registered mark is limited to the criteria of 15 U.S.C. § 1064. *Shakespeare Co.,* 9 F.3d at 1098.

The language of the statute itself limits standing to those "who believe[ ] that he is or will be damaged." 15 U.S.C. § 1064. As previously noted by this Court, a leading authority further curtails standing to those who previously "were refused certification after meeting the prescribed standard or conditions of the certifier." 2 J. McCarthy, *Trademarks and Unfair Competition,* § 20–15[7] (3d ed. 1992). However, the Court reiterates its earlier ruling that the standing requirement to seek cancellation of a certification mark is outlined in *American Auto. Ass'n v. Nat'l Auto. Ass'n,* 127 U.S.P.Q. 423 (T.T.A.B.1960). That case was factually similar to the instant one, involving the attempt of a competitor to cancel the certification mark of the American Automobile Association, nationally known as "AAA." The Court there ruled

> As to applicant's counterclaim, it is applicant's contention ... (b) that AAA in addition to using the mark, shown in the registration sought to be canceled, to certify services rendered by hotels, motels, restaurants, and other service organizations

---

1. The Court notes that Defendants' also moved the Court to reconsider its ruling in October 1992 which granted Plaintiff a preliminary injunction. The Court encourages Defendants to make sparing use of the motion.

meeting its standards, also used the mark in connection with such services as rating tourists accommodations, disseminating travel information and the like.... Referring to (b), the applicant has not alleged nor has it shown that it has been or could be damaged by AAA's asserted use of the certification mark as a service mark.

*Id.* at 425.

Defendants now argue that under the *American Auto. Ass'n* standard, Plaintiff has engaged in production and marketing of the beef to which the certification mark is applied, in violation of 15 U.S.C. § 1064. To support this, Defendants show that Plaintiff licenses packing houses to apply its mark to the beef which meets its specifications, that those licenses require the packing houses to sell the beef only to licensed distributors of American Angus, and that those distributors are licensed to sell the products only to licensed restaurants and grocers. Memorandum of Points and Authorities in Support of Motion for Reconsideration at 13. This, claims Sysco, limits their access to top quality beef which it could use in its certified beef program. *Id.* Thus, Sysco claims it has shown damage under the *American Auto. Ass'n* standard.

The death knell of this argument is the very conduct which led to the lawsuit. Sysco embarked on a program to advertise, market and sell a new line of certified angus beef which meets its own specifications, the Supreme Angus Beef program. The evidence adduced at the hearing on the motion for a preliminary injunction clearly showed that Sysco was having no problem getting top quality beef which it was in fact selling to Plaintiff's customers.[2] Thus, Defendants' claims of inaccessibility amount to nothing more than an allegation of damage which is not sufficient to show standing. *West Indian Sea Island Cotton Ass'n v. Threadtex, Inc.,* 761 F.Supp. 1041, 1048 (S.D.N.Y.1991) ("[S]omething more than a plaintiff's mere subjective belief that he is injured or likely to be damaged is required"); *Lipton, Ind., Inc. v. Ralston Purina Co.,* 670 F.2d 1024, 1028 (C.C.P.A.1982) (a party is not "entitled to standing solely because of the allegation in

its petition"). In fact, the gravamen of this whole litigation is not that Defendants cannot obtain angus beef, but that they want to use the phrase "Certified Angus Beef" to describe and promote their angus beef program.

Defendants also argue that Plaintiff has used the certification mark as a service mark or trademark. Nonetheless, the evidence presented to counter Plaintiff's motion for summary judgment shows no conduct by Plaintiff other than promotion and advertising, both of which obviously are allowed and used by organizations holding certification marks. *See, e.g., State of Florida v. Real Juices, Inc.,* 330 F.Supp. 428 (M.D.Fla.1971); *Camel Hair & Cashmere Institute, Inc. v. Associated Dry Goods Corp.,* 799 F.2d 6 (1st Cir.1986) (holding that the plaintiff had failed to show irreparable injury warranting a preliminary injunction because it had not engaged in sufficient advertising or promotional activities to achieve a reputation); *West Indian Sea Island Cotton Ass'n, supra.* Thus, Defendants have not carried their burden to show that Plaintiff is engaged in using the certification mark as a service or trademark and that this constitutes damage sufficient to impose standing.

Moreover, even if the Court were to adopt, *arguendo,* the "real interest" standard purported by Defendants, standing has not been established. Defendants have failed to show that they have been denied certification by Plaintiff (*See* Memorandum of Opinion and Order, filed August 20, 1993 at 3–4, 865 F.Supp. 1174, 1182), and as stated above, they have shown no conduct by Plaintiff other than advertising and promotion. Since no conduct has been shown which could damage Defendants, they have no "real interest" in cancelling the mark. In holding that a party has not shown "real interest" without showing damage as required by 15 U.S.C. § 1064, the Court follows the holdings of *Park 'N' Fly* and *Shakespeare* that a district court may not exceed the limits imposed by 15 U.S.C. § 1064.

Thus, the Court finds that the Defendants have failed to rebut the Plaintiff's showing of

---

**2.** The evidence from the hearing was referred to

by Plaintiff in its motion for summary judgment.

entitlement to summary judgment. Defendants have not come forward with "specific facts showing that there is a *genuine issue for trial*". *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–7, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986) (citations omitted; emphasis in original).

**B. Defendants' request for the Court to clarify its Order**

■ On August 20, 1993, this Court also entered an Order which denied the Plaintiff's motion to strike affirmative defenses of the Defendants. Defendants now claim confusion as to whether this means no evidence may be introduced as to these affirmative defenses.

While the Court denied the Plaintiff's motion to strike affirmative defense B (alleging that Plaintiff's certification mark should be cancelled), it granted Plaintiff's cross-motion for summary judgment, holding Defendants failed to show standing to petition the Court for cancellation of the mark. It is thus elementary that no evidence may be introduced at trial concerning the Defendants' affirmative defense that the mark should be cancelled because the counterclaim alleging that cause of action has been eliminated from the case. To the extent that Defendants claim the same evidence which would have proven entitlement to cancellation is relevant and admissible on the counterclaims concerning Lanham Act, state law and antitrust violations, it will be incumbent on Defendants to make such motions in limine prior to trial as necessary to obtain proper rulings. Defendants are cautioned not to file frivolous motions in this regard.

Defendants also request clarification as to affirmative defense D1, concerning the status of the mark as generic or not. Defendants are referred to the language of the Order imposing a preliminary injunction in which the Court ruled that "for the purposes of the preliminary injunction, subject to further factual findings in the case, [ ] the term is descriptive, not generic." Order, filed June 11, 1993, at 14.

Lastly, Defendants, without any supporting argument, ask the Court to reconsider the motion for summary judgment as a motion for summary judgment on an available defense and to reconsider the Plaintiff's motion for summary judgment as to licensee estoppel. Because of the above rulings, this motion is also moot.

**C. Defendants' request for certification of immediate appeal**

■ A district court may certify an order for immediate appeal when the Court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and ... an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

The Defendants offer no argument that a controlling question of law is at stake and do not state that the appeal would advance the termination of the case. Nonetheless, it is clear that an immediate appeal from the dismissal of the counterclaim would not materially advance the termination of this case. This portion of the case may be reviewed by the Fourth Circuit along with the appeal which, certainly, will be taken after the trial. The Court finds the Defendants' motion, which fails to even attempt to meet the statutory criteria, borders on sanctionable conduct and warns against future filings of such character.

### III. ORDER

**IT IS, THEREFORE, ORDERED** that the Defendants' motion for reconsideration is hereby **DENIED;** and

**IT IS FURTHER ORDERED** that the Defendants' motion for clarification or consideration of the motion for summary judgment as a motion directed to an available defense and for reconsideration of the motion for summary judgment as to licensee estoppel is hereby **DENIED;** and

**IT IS FURTHER ORDERED** that the Defendants' motion for certification for immediate appeal is hereby **DENIED.**

**1186**

This Order is in response to Pleading Nos. 91, 93, 95, 99, 100, 104, 108, and 109.